IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KIMBERLY KOENIGSFELD,<br>    Plaintiff,<br><br>vs.<br><br>NEW HORIZONS COMMUNITY<br>SUPPORT SERVICES, INC.<br>    Serve:<br>    Chi L. Cheung<br>    2013 William Street<br>    Jefferson City, MO  65109<br><br>    Defendant. | Case No.  2:20-cv-04256<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Comes now Kimberly Koenigsfeld, by and through her undersigned counsel, and hereby brings a Complaint for discrimination on the basis of disability in violation of the Americans with Disabilities Act of 1990 and the Americans with Disabilities Amendments Act of 2008 ("ADA").  In support thereof, Ms. Koenigsfeld states as follows:

## INTRODUCTION

1. Ms. Koenigsfeld brings this action against Defendant New Horizons Community Support Services, Inc. because of its failure to provide her with reasonable accommodations, as required by the ADA, following her return from leave under the Family and Medical Leave Act ("FMLA") in April 2019.

2. Plaintiff seeks damages in an amount to be determined; compensatory and punitive damages; attorneys' fees, costs, and interest; and any other relief that this Court deems just and proper.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff's claims arise under Title I of the ADA, a federal statute creating rights, privileges, and a private cause of action.

4. Venue is appropriate in this Court, as the cause of action arises from events that occurred in Jefferson City, Missouri, where all parties are located, and which is within the Western District of Missouri.

## PARTIES

5. Ms. Koenigsfeld, a resident of Jefferson City, Missouri, worked as a Resident Support Specialist ("RSS") for Defendant from June 2017 through April 2019. Her diagnoses of Ehlers-Danlos syndrome, anxiety disorder, and attention deficit/hyperactivity disorder substantially limit several of her major life activities, qualifying her as a person with a disability under the ADA.

6. Defendant is a not-for-profit community mental health program headquartered in Jefferson City, Missouri, which also provides residential services for its consumers. In 2019, Defendant operated four facilities in Jefferson City and two in Columbia, Missouri, employing a total of fifty support staff.

## STATEMENT OF FACTS

7. During the time of Ms. Koenigsfeld's employment with Defendant, the company was aware of the substantial limitations caused by her diagnoses.

8. Ms. Koengisfeld worked for Defendant as a part-time RSS from June 2017 until August 2017, when she moved to a full-time RSS position.

9. From June 2018 through early 2019, Ms. Koenigsfeld's primary work site was Richard Walz Apartments, a nine-unit building offering twenty-four-hour supervision for residents. Ms. Koenigsfeld's duties as an RSS at Richard Walz included distribution of residents' medication, apartment checks, support office cleaning, and maintenance of bathrooms.

10. During flare-ups of her condition, Ms. Koenigsfeld requested intermittent medical leave from Defendant's human resources department ("HR") beginning in October 2018.

11. In early 2019, Defendant began assigning Ms. Koenigsfeld to work frequently at Melody House, a fifteen-unit facility with twenty-four-hour supervision and an increased focus on developing residents' independent living skills.

12. RSS shifts at Melody House required Ms. Koenigsfeld to prepare meals for residents, which involved standing for long periods of time. The physical demands of additional duties at Melody House exacerbated symptoms related to Ms. Koenigsfeld's conditions.

13. Between February and April 2019, Ms. Koenigsfeld requested from HR that, to accommodate her disability, her supervisors assign her only to Richard Walz Apartments.

14. On or about April 9, 2019, Ms. Koenigsfeld provided Defendant with a letter from her neurologist detailing her work-related restrictions.

15. Following Ms. Koenigsfeld's requests, HR and Defendant's Chief Operating Officer indicated to Ms. Koenigsfeld that her restrictions prevented her from working at any of Defendant's facilities and that there were no other suitable positions or other work with the company that she could perform.

16. On or about April 12, 2019, Defendant notified Ms. Koenigsfeld that the company would not permit Ms. Koenigsfeld to return to work until her physician removed her restrictions.

17. Between April 15 and May 10, 2019, Ms. Koenigsfeld provided Defendant with four Certification of Healthcare Provider forms and one Fitness for Duty form. With accommodation as previously requested, Ms. Koenigsfeld would have been capable of performing the essential functions of her RSS position.

18. Despite Ms. Koenigsfeld's efforts, Defendant failed to provide Ms. Koenigsfeld with any reasonable accommodation that would have permitted her to perform the essential functions of her RSS position.

19. Defendant further failed to interact with Ms. Koenigsfeld to discuss alternative accommodations or assignments that would have permitted her to maintain employment with the company.

20. On July 1, 2019, Defendant terminated Ms. Koenigsfeld's employment.

21. Ms. Koenigsfeld worked part time for another employer from July 2019 until October 2020, when she moved to a full-time position. While working part time, Ms. Koenigsfeld's income was significantly lower than it was when she worked full time for Defendant.

22. Ms. Koenigsfeld submitted a Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC") on or about February 19, 2020. Defendant responded to the merits of the charge on or about April 14, 2020.

23. The EEOC closed its file on Ms. Koenigsfeld's charge and issued a Notice of Suit Rights on September 30, 2020.

## COUNT I

### Violation of Americans with Disabilities Act

24. Ms. Koenigsfeld re-alleges and incorporates by reference the allegations of Paragraphs 1 through 23 of the Complaint.

25. The ADA, 42 U.S.C. § 12112, prohibits covered entities from discriminating against qualified individuals on the basis of disability. Such discrimination includes the failure to make reasonable accommodations to the known limitations of the individual unless the covered entity can demonstrate that the accommodation would impose undue hardship.

26. Ms. Koenigsfeld is, and was at all times material hereto, a person with a record of a physical and/or mental impairment that substantially limits several major life activities, or a person with a disability under 42 U.S.C. § 12102.

27. With reasonable accommodation, Ms. Koenigsfeld would have been able to perform all of the essential functions of her RSS position or another position with Defendant that would have better suited Ms. Koenigsfeld's disability.

28. Defendant is, and was at all times material hereto, an employer with fifteen or more employees, or a covered entity under 42 U.S.C. § 12111.

29. Defendant was aware of Ms. Koenigsfeld's disability at the time of its failures to make reasonable accommodations to her known limitations, or to engage in an interactive process with Ms. Koenigsfeld regarding alternative accommodations and/or assignments.

30. Permitting Ms. Koenigsfeld to work exclusively at Richard Walz Apartments would not have created an undue financial or administrative burden for Defendant, which employed about fifty other RSS, or fundamentally altered the nature of Defendant's business operations.

31. When former positions are no longer available to employees with disabilities, reassignment to a vacant position is a reasonable accommodation.

32. Defendant made no effort to engage in an interactive process with Ms. Koenigsfeld, requiring that Ms. Koenigsfeld return to her RSS position with no accommodation whatsoever.

33. Defendant's foregoing violations of the ADA, and termination of Ms. Koenigsfeld's employment, constitute adverse employment actions, which directly and proximately caused and contributed to monetary and compensatory damages to Ms. Koenigsfeld as alleged above.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Koenigsfeld prays that this Court enter judgment on Count I in favor of Plaintiff and against Defendants for damages in an amount a jury determines to be fair and reasonable, together with compensatory and punitive damages, attorney's fees and costs, any interest which has accrued thereon as of the date of this Complaint, any prejudgment interest from and after the date of this Complaint, and for any other relief that this Court deems just and proper.

Respectfully Submitted,

/s/ Vincent K. Heitholt
Vincent K. Heitholt, # 68129MO
Missouri Protection and Advocacy Services
2000 Innerbelt Business Center Drive
Overland, Missouri 63114
(314) 256-9591; (314) 785-1707 fax
vincent.heitholt@mo-pa.org